```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHRISTINA SPURLING,**

      **Plaintiff,**

   **v.**                           **CIVIL ACTION NO. 1:08CV106**
                                         **(Judge Keeley)**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on April 21, 2008, the Court referred this Social Security action to United States Magistrate John S. Kaull with directions to submit to the Court proposed findings of fact and a recommendation for disposition.

On April 27, 2009, Magistrate Judge Kaull filed his Report and Recommendation/Opinion and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation ("R and R") and further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. The parties did not file any objections.

According to the R and R, after determining that Spurling's hearing loss, bilateral carpal tunnel syndrome, and headaches were severe impairments, the Administrative Law Judge failed to include

any significant limitations relative to these impairments in his residual functional capacity assessment or subsequent hypothetical question. Magistrate Judge Kaull, therefore, recommended that this matter be remanded for "further action in accordance with the Recommendation for Deposition".

Upon consideration of the Magistrate Judge's recommendation, and having received no written objections,[1] the Court accepts and approves the R and R. Accordingly, it **ORDERS** that Magistrate Judge Kaull's R and R is accepted in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate. Therefore,

1. The plaintiff's motion for Summary Judgment (Docket No. 10) is **GRANTED-IN-PART**;

2. The defendant's motion for Summary Judgment (Docket No. 11) is **DENIED**;

3. The plaintiff's claim is **REMANDED** to the Commissioner for further proceedings consistent with the recommendations

---

[1] The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

       made by Magistrate Judge Kaull in his April 27, 2009 report and recommendation; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days thereafter.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: May 14, 2009.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE